UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GILBERT THOMPSON,

               Plaintiff,

v.

COLIN J. RIEHL et al.,

               Defendants.

_____/

Case No. 1:25-cv-1521

Hon. Hala Y. Jarbou

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.    **Factual Allegations**

Plaintiff[1] is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan. Plaintiff sues the MDOC/Michigan Parole Board, as well as Parole Board Members Colin J. Riehl and Caitlin A. McGinn. (Compl., ECF No. 1, PageID.7–8.)

On July 21, 1993, Plaintiff was sentenced to a term of imprisonment of 18 to 54 years. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/Search (enter "Thompson" for the Last Name, "Gilbert" for the First Name, and select Search) (last visited July 1, 2026). In his complaint, Plaintiff describes his incarceration as "employment" with the MDOC, and he alleges that he was "offer[ed] employment" on July 21, 1993, with an end date of June 20, 2007. (Compl., ECF No. 1, PageID.9.) Plaintiff also describes his incarceration as a "commercial lease agreement." (*Id.*, PageID.10.) Plaintiff alleges that it is now "18 [years] past the commercial lease agreement," and that Defendant "MDOC/Michigan Parole Board and its members continue to extend the contract without excuse or just cause." (*Id.*)

Based on the foregoing allegations, Plaintiff raises Fourteenth Amendment procedural due process claims. As relief, Plaintiff "demand[s] the termination of the contract agreement, due to the commercial lease expiration[.]" (*Id.*) Plaintiff seeks an order directing Defendants to grant Plaintiff parole "with the promise to never step foot back on the United States soil, without the United States of America's present commander-in-chief's written consent or face the penalty of

---

[1] Plaintiff also identifies himself as "Gilbert Thompson of the Eastern Band of Cherokee Indian," Gilbert Thompson Estate," Gilbert Thompson Plan Administrator," and "Gilbert Thompson and Gilbert Thompson, Inc." (Compl., ECF No. 1, PageID.6–7.)

serving out the remainder of the commercial lease in total."[2] (*Id.*, PageID.11.) Plaintiff also requests that the Court order that Defendants be criminally charged with kidnapping, human trafficking, breach of contract, and professional negligence. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

---

[2] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Frivolous Claims

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *see* 28 U.S.C. § 1915(e)(2)(B)(i) (setting forth that on preliminary review, an action may be dismissed if the Court determines that the action "is frivolous or malicious"); *see also* 28 U.S.C. § 1915A(b)(1).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzke*, 490 U.S. at 327–28; *Lawler*, 898 F.2d at 1199.  The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, Plaintiff's allegations lack a rational basis in fact. Plaintiff is an MDOC prisoner, but states in his complaint that his incarceration is actually a "commercial lease agreement" or "employment" with the MDOC for which Plaintiff is entitled to receive employment benefits.

4

(Compl., ECF No. 1, PageID.9–10.) Plaintiff alleges that pursuant to this "employment contract" he "would be working at the remote locations designated by the Director of the Department of Corrections[.]" (*Id.*, PageID.10.)

Upon review of Plaintiff's complaint, the Court concludes that Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1). *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (holding that a complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

Moreover, even setting this issue aside, Plaintiff's complaint is subject to dismissal for failure to state a claim for the reasons set forth below.

### B.    Claims Against Defendants Riehl and McGinn

In the instant case, Plaintiff names Defendants Riehl and McGinn as Defendants; however, these Defendants are not named in the body of Plaintiff's complaint, and the factual allegations in Plaintiff's complaint do not specify who committed the alleged acts. (Compl., ECF No. 1, PageID.1, 2, 9–10.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even

under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Here, Plaintiff does not name Defendants Riehl or McGinn in the body of his complaint. (*See* Compl., ECF No. 1, PageID.9–10.) The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). And, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Plaintiff refers only to "the MDOC/Michigan Parole Board and its members" in the body of his complaint, which is insufficient to show that Defendants Riehl and McGinn were personally involved in the alleged violations of Plaintiff's constitutional rights. Because Plaintiff's claims against Defendants Riehl and McGinn fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim

6

showing that the pleader is entitled to relief"), his claims against Defendants Riehl and McGinn are subject to dismissal for failure to state a claim.

Accordingly, for these reasons, all of Plaintiff's claims against Defendants Riehl and McGinn will be dismissed for failure to state a claim.

### C.    Claims Seeking Release

Plaintiff alleges that Defendants "MDOC/Michigan Parole Board and its members" improperly extended Plaintiff's incarceration. (Compl., ECF No. 1, PageID.10.) Plaintiff requests that the Court order the Michigan Parole Board to grant parole to Plaintiff and "remove [Plaintiff] from state custody[.]" (*Id.*, PageID.11.) The relief Plaintiff requests may not be granted in this action.

When a prisoner challenges the fact or duration of his confinement, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); see also *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983."). In *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original). The Sixth Circuit has elaborated on when a prisoner must use habeas corpus under these authorities:

A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81[.]

*Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024).

Here, Plaintiff seeks immediate release from prison. (Compl., ECF No. 1, PageID.11.) That relief is not available under § 1983. *Wilkinson*, 544 U.S. at 81–82. Accordingly, Plaintiff has failed to state a claim on which the requested relief may be granted. The Court will dismiss Plaintiff's intended claims in which he seeks an order directing Defendants to grant Plaintiff parole.

### D.    Fourteenth Amendment Procedural Due Process Claim

Plaintiff alleges that "MDOC/Michigan Parole Board and its members continue to extend the contract without excuse or just cause." (Compl., ECF No. 1, PageID.10.) The Court will construe this allegation as raising a Fourteenth Amendment procedural due process claim regarding the denial of Plaintiff's parole.[3]

To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law.  *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006) *overruled on other grounds as recognized by Davis v. Prison Health Servs.*, 679 F.3d 433, 442 n.3 (6th Cir. 2012) (quotation omitted); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).   In the context of parole, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although

---

[3] Plaintiff's allegations suggest that he was denied parole, but he does not present any *factual* allegations regarding that denial of his parole or the procedure that led to that denial. (*See generally* Compl., ECF No. 1.)

a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). Additionally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Here, Plaintiff was sentenced to a term of imprisonment of 18 to 54 years in 1993. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/Search (enter "Thompson" for the Last Name, "Gilbert" for the First Name, and select Search) (last visited July 1, 2026). Plaintiff claims that his "commercial lease agreement" expired in 2007, 14 years after he was "offer[ed] employment" by the MDOC in 1993, but Plaintiff also acknowledges that the "contract" length was 18 to 54 years. (Compl., ECF No. 1, PageID.9, 10.)

Until Plaintiff has served his 54-year maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Because Plaintiff's sentence has not yet

9

expired, there is no liberty interest in parole. *Sweeton*, 27 F.3d at 1164–65; *Greenholtz*, 442 U.S. at 7. Thus, to the extent that the Michigan Parole Board denied Plaintiff's parole, that does not implicate a federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of the Fourteenth Amendment Due Process Clause.

Accordingly, Plaintiff's claim for violation of the Fourteenth Amendment Due Process Clause will be dismissed.

### E.      Fourteenth Amendment Equal Protection Clause Claim

Plaintiff references the Equal Protection Clause of the Fourteenth Amendment. (Compl., ECF No. 1, PageID.8.) To the extent that Plaintiff intended to raise an equal protection claim in this action, as explained below, he fails to state such a claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff fails to allege any *facts* to support his equal protection claim. Indeed, Plaintiff fails to allege any facts to suggest that he was treated differently than others who were similarly situated. Instead, any allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated.

Accordingly, any intended Fourteenth Amendment equal protection claim will be dismissed.

### F.      Violation of Federal Criminal Laws

Plaintiff demands that Defendants be criminally charged for kidnapping, human trafficking, breach of contract, and professional negligence. (Compl., ECF No. 1, PageID.10–11.)

Federal criminal statutes do not confer rights on private citizens. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that "the district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes" (citation omitted)); *Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) ("Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Accordingly, any intended claims for the violation of federal criminal laws will be dismissed.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated: July 6, 2026                    /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE